Shaw, C. J.
The only question in this case arises upon the defendant’s claim for a set-off, for his salary and services, as president of the plaintiff company. This claim is put upon the footing, that the case shows a written contract to pay the defendant a salary of $ 2500, which is conclusive evidence against the company, and that no evidence is admissible to control it. But the court are of opinion, that the claim of the defendant for a fixed salary does not stand on the footing of a written contract. There is no vote of the company stipulating to pay the defendant by name, no written agreement between them; and the rules in regard to written contracts do not apply. But the defendant relies on the vote of June 1835, concerning and fixing the salary of president of the company, and his subsequent election to that office, as evidence of a contract. Suppose, as contended for by the defendant, that that vote was general, and not limited to the case of Mr. Simpson mentioned in it, and that the subsequent election of the defendant to the office of president would raise a presumption of agreement, and amount to prima fade evidence of a contract to pay that salary; still we are of opinion, that it was a presumption of fact, which might be controlled by evidence showing, to the satisfaction of a jury, that it was not so intended and understood by the parties And we are also of opinion, that the votes of the company, showing that they had ceased to act in the business ; that the constant and active services of a president, in the conduct of that business, for which the salary, that was voted, was intended as an adequate compensation, had wholly terminated ; that the *68 business was wound up, or nearly so, and that the avowed purpose of electing a president was, to keep up and maintain a corporate organization, in order to bring the business to a close — and facts of the like kind — were competent evidence to rebut the presumption of an agreement to pay the full salary. So, the declarations of the defendant, from time to time, that he was to receive no compensation, were competent evidence to show that at the time of his election, it was understood by the parties, that the salary voted to the president, when the company was in full operation, was not to be continued to him.

Judgment on the verdict.